UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SEELEY,

                Petitioner,                Case No. 19-10497

v.                                                  HON. AVERN COHN

RANDEE REWERTS,

                Respondent.
_____/

**MEMORANDUM AND ORDER**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS**
**AND**
**DENYING CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner, proceeding pro se and without prepayment of the filing fee, challenges his state court convictions for assault with intent to do great bodily harm less than murder, M.C.L. § 750.84, felon in possession of a firearm, M.C.L. § 750.224f, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b. Petitioner was sentenced as a fourth-time habitual felony offender to 8 to 25 years for the assault conviction, 4 to 15 years for the possession conviction, and a consecutive 2 years for the felony-firearm conviction. Petitioner raises several claims, including sufficiency of the evidence, evidentiary errors, and ineffective assistance of counsel. For the reasons which follow, the petition will be

denied because Petitioner's claims either lack merit or are barred by procedural default which Petitioner cannot overcome.[1]

## II. Background

The Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009):

> According to the evidence introduced at trial, at approximately 7:00 p.m. on September 29, 2013, the victim, Gavaughny Mims, and his friend, Tylor Simpson, both of whom were fourteen years old, were walking down Arizona Avenue in Flint, Michigan. As they walked, they saw two individuals on the front porch of 1514 Arizona. Gavaughny Mims and Tylor Simpson later identified defendant as one of the individuals on the porch, and the other individual was Victor Shaw, the 14-year-old son of defendant's girlfriend. As Gavaughny Mims and Tylor Simpson continued to walk, defendant's girlfriend came out of the house onto the porch. Defendant's girlfriend began to stare at the boys and, in response, Gavaughny Mims yelled at her, "what are you lookin' at, bitch?"
>
> Following Gavaughny Mims's remark, the boys continued to walk, at which time Gavaughny Mims saw defendant raise his arm out straight in front of him. Gavaughny Mims then saw a flash, heard a loud bang, and immediately felt his leg lock up. After he was shot, Gavaughny Mims attempted to run with Tylor Simpson away from the home. Tylor Simpson then called 911. At trial, neighbors confirmed that defendant lived at 1514 Arizona, and one neighbor in particular, Judith Howe, testified that she saw defendant on the porch at 1514 Arizona on the day in question after she heard gunfire.
>
> Later that day, police arrested defendant at 1527 Arizona, down the street from where the shooting occurred. A search warrant was executed at 1514 Arizona. Inside of the home, officers recovered a shotgun, rifle, and a pistol. In addition, the officers discovered a box of .22 caliber bullets, the same caliber as the bullet found lodged near Gavaughny Mims's hip after he had been shot. The police later conducted tests of the firearms to see if they matched the bullet found in Gavaughny Mims, but the results of the tests were inconclusive.

---

[1] Petitioner also filed a motion for evidentiary hearing. See ECF No. 11. In light of finding that Petitioner is plainly not entitled to habeas relief, the motion is DENIED AS MOOT.

> At trial, Shaw testified for the defense. He claimed that defendant did not live at 1514 and that, on the day in question, defendant was not on the porch. Shaw heard gunfire, but he claimed that no one on the porch fired a gun at Gavaughny Mims or Tylor Simpson. A jury convicted defendant of assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and felony-firearm.

People v. Seeley, No. 323557, 2016 WL 299748, at *1 (Mich. Ct. App. Jan. 21, 2016).

Following sentencing, Petitioner filed a notice of appeal. His appointed appellate counsel filed a brief on appeal that raised two claims:

> I. The evidence that defendant was the shooter, or that he intended to cause great bodily harm, fails the sufficiency of the evidence test. Therefore, the convictions on all three counts should be reversed.
>
> II. Offense Variable ("OV') 4, OV9 and OV 19 were scored in error. The scoring altered the guidelines range and resentencing is required.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion. Id. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims as well as two new additional claims as in the Michigan Court of Appeals, and two new claims that now form the basis for his second and third habeas claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. People v. Seeley, 884 N.W.2d 270 (Mich. 2016) (Table).

Petitioner then returned to the trial court and filed a motion for relief from judgment that raised what now form his second through fifth habeas claims:

> I. Testimony regarding defendant's exercise of his right to remain silent was improper, infringed upon his privilege against self-incrimination and his right to due process, and did affect the outcome of the trial. Therefore, the convictions on all three counts should be vacated.
>
> II. The victim's in-court identification was unconstitutionally suggestive and without a sufficient and independent basis violating defendant's right to due

3

process. Therefore, the convictions on all three counts should be reversed and the victim's in-court identification and any future identification that the victim might make should be suppressed, or the court should remand for a hearing.

III. Defendant received ineffective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment rights. Therefore, all three convictions should be reversed, or the
court should remand this case for a hearing.

IV. Defendant received ineffective assistance of appellate counsel warranting review under Mich. Ct. R. 6.500 et seq of the foregoing issues, or the court should remand this case for a hearing.

The trial court denied the motion for relief from judgment. See ECF No. 10-18. Petitioner filed a delayed application for leave to appeal the Michigan Court of Appeals that raised the same claims. The Michigan Court of Appeals denied his delayed application because Petitioner failed to show that the trial court erred in denying his motion for relief from judgment. See ECF No. 10-21. Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, but it was denied because Petitioner failed to meet the burden of establishing entitlement to relief under MICH. CT. R. 6.508(D). See ECF No. 10-22.

### III. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it

4

'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003), quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) quoting Williams, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011), quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

## IV. Analysis

### A. Sufficiency of the Evidence

Petitioner first says that the evidence presented at trial was insufficient to sustain his convictions. Specifically, he argues that there was insufficient evidence proving his identity as the shooter or that he intended to inflict great bodily harm. After reciting the controlling Supreme Court standard and the elements of the offenses of conviction, the Michigan Court of Appeals rejected the claim on the merits:

> Considering the trial court record, there was clearly sufficient evidence to establish defendant's identity as the perpetrator of the crimes at issue. Mims and Simpson identified defendant as one of the individuals on the porch. Mims testified that he observed defendant raise his arm, and that he then saw a flash, heard a loud bang and felt his leg lock up. Medical

5

testimony confirmed that Mims had been shot with a .22 caliber bullet. When police later executed a search warrant at 1514 Arizona, they discovered a large quantity of .22 caliber bullets and weapons that were capable of firing them. Testimony from neighbors confirmed that defendant resided at the house, and that he was on the porch on the day in question, close in time to when the shooting occurred. This evidence, combined with Mims's identification testimony, was sufficient to prove beyond a reasonable doubt that Mims was assaulted and that defendant was the individual who assaulted Mims. This same evidence also establishes, for purposes of felony-firearm and felon in possession of a firearm, defendant's identity as the individual who possessed, and in fact used, a firearm. Overall, contrary to defendant's argument, the prosecutor presented sufficient evidence to allow a reasonable trier of fact to determine defendant's identity as the perpetrator of the crimes at issue.

With regard to defendant's intent, assault with intent to do great bodily harm less than murder is a specific intent crime that requires "an intent to do serious injury of an aggravated nature." Brown, 267 Mich. App. at 147 (citation omitted). "An actor's intent may be inferred from all of the facts and circumstances, and because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." People v. Gonzalez, 256 Mich. App. 212, 226 (2003) (citations and quotations omitted). In particular, defendant's intent to do great bodily harm may be inferred from all the facts in evidence, including the type of weapon used. People v. Henderson, 306 Mich. App. 1, 11 (2014). Moreover, although actual injury to the victim is not an element of the offense, "injuries suffered by the victim may also be indicative of a defendant's intent." People v. Stevens, 306 Mich. App. 620, 629 (2014).

It follows from these principles that, in this case, there was sufficient evidence to prove that defendant intended to do great bodily harm to Mims. As stated above, the evidence introduced at trial established that defendant was the individual who shot Mims. The very act of aiming and firing a gun at an individual is strong circumstantial evidence of defendant's intent to cause great bodily harm. Cf. Brown, 267 Mich. App. at 152. Moreover, defendant in fact succeeded in shooting Mims and causing him injury. Given evidence that defendant used a potentially lethal weapon to actually shoot Mims, the jury could reasonably infer that defendant intended to do serious injury of an aggravated nature. See Stevens, 306 Mich. App. at 629.

In sum, viewing the evidence in a light most favorable to the prosecution, the evidence was sufficient to establish beyond a reasonable doubt defendant's identity as the perpetrator of the crimes and to establish that defendant possessed the requisite intent for assault with intent to do great bodily harm. Defendant's claims of insufficient evidence are without merit and we therefore affirm defendant's convictions.

Seeley, 2016 WL 299748, at *2-3 (footnote omitted).

This decision was reasonable. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In Re Winship, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979). A habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the Jackson standard. See Cavazos v. Smith, 565 U.S. 1, 2 (2011). For a federal habeas court reviewing a state court conviction, "the only question under Jackson is whether that finding was so insupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." Id.

Petitioner's argument boils down to a challenge to Mims and Simpson's credibility. However, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. Marshall v. Lonberger, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. Neal v. Morris, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to the

fact finder for its assessment of the credibility of witnesses. Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003).

Accepting Mims and Simpson's identification testimony as true, the jury could have found beyond a reasonable doubt that Petitioner was guilty of the charged offenses. With respect to Petitioner's intent to commit great bodily harm conviction, the evidence indicated that Mims was shot in the hip with a firearm from a distance. The jury could have concluded beyond a reasonable doubt that Petitioner intended to cause great bodily harm by his use of a firearm. Petitioner is therefore not entitled to habeas relief on his sufficiency of the evidence claim.

## B. Procedural Default

Petitioner's remaining claims were first presented in his motion for relief from judgment and the appeal that followed it. The trial court denied the motion, in part, because "defendant could have raised [the issues] during his direct appeal of his convictions, but failed to do so," "Defendant's appellate counsel was not ineffective for failing to raise these meritless claims on appeal," and "therefore, defendant has not demonstrated 'good cause' – or 'actial prejudice' for that matter – as required by Mich. Ct. R. 6.508(D)(3)(a) and (b)." Dkt. 10-18, at 3, 5, and 18. The state appellate courts thereafter denied relief through unexplained form orders. Respondent asserts that review of these claims is barred by Petitioner's procedural default of failing to raise them on direct review.

When the Respondent raises a procedural default defense, as here, the district court must address it before reaching the merits of the defaulted claims, especially when

the procedural default question is clear. Sheffield v. Burt, 731 F. App'x 438, 441 (6th Cir. 2018).

If a claim is not considered by a state court "due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review." Seymour v. Walker, 224 F.3d 542, 549–50 (6th Cir. 2000) (citing cases). It is well-established that Rule 6.508(D)(3) is such a rule, and that its application by the state court bars habeas review of the defaulted claims. Amos v. Renico, 683 F.3d 720, 733 (6th Cir. 2012); Willis v. Smith, 351 F.3d 741, 745 (6th Cir. 2003). The state trial court applied this rule to Petitioner's post-conviction claims, and they are therefore barred from review absent a showing of cause and prejudice or that a failure to review the defaulted claims would result in a fundamental miscarriage of justice. Guilmette v. Howes, 624 F.3d 286, 289-92 (6th Cir. 2010) (en banc); Wainwright v. Sykes, 433 U.S. 72, 84–87 (1977).

Petitioner says that the ineffectiveness of his appellate attorney constitutes cause to excuse his procedural default. Ineffective assistance of appellate counsel can establish cause for a procedural default. See Ivory v. Jackson, 509 F.3d 284, 294 (6th Cir. 2007). However, appellate counsel does not need "to raise every nonfrivolous claim on direct appeal." Monzo v. Edwards, 281 F.3d 568, 579 (6th Cir. 2002). A petitioner can overcome the presumption of effective assistance of counsel only when the "[omitted] issues are clearly stronger than those presented." Id. (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)). A petitioner must show that the claims he contends should have been raised on appeal were "dead-bang winner[s]." Meade v. Lavigne, 265

F. Supp. 2d 849, 870 (E.D. Mich. 2003), aff'd, 104 F. App'x 461 (6th Cir. 2004). "A 'dead-bang winner' is an issue which was obvious from the trial record . . . and one which would have resulted in a reversal on appeal." Id. (internal citations and quotation marks omitted).

Petitioner's post-conviction review claims were not dead-bang winners. First, Petitioner's claim that the trial court erred in allowing admission of his post-arrest silence is devoid of merit because it was defense counsel, not the prosecutor, who made reference to Petitioner's silence. See ECF No. 10-11, at 137-143 (direct examination), 144-45 (defense counsel elicits testimony that Petitioner did not make statement to police). Counsel's strategy was to elicit testimony that Petitioner's failure to cooperate with police was his constitutional right.

Petitioner's claim that his counsel was ineffective for failing to admit the 9-1-1 call or the medical records of the victim is not a "dead bang winner" either. Petitioner fails to indicate precisely how the 9-1-1 call would have benefited the defense, and regardless of the actual severity of the victim's gunshot wound, the fact that Petitioner shot him with a firearm sufficed to show an intent to cause great bodily harm.

Finally, Petitioner's claim regarding an unduly suggestive identification procedure is without merit because both victims identified Petitioner as the shooter, other witnesses testified that Petitioner stayed at the residence from which the shot was fired, and guns and ammunition consistent with the wound were found among Petitioner's belongings.

In sum, none of the claims raised by Petitioner in his motion for relief from judgment were clearly stronger than the two claims raised on direct review, and he has

failed to demonstrate that his appellate counsel was ineffective for failing to assert them on direct review. Petitioner is therefore not entitled to relief on these claims.

## V. Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. Accordingly, the petition is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000).[2]

SO ORDERED.

                                        s/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: 10/29/2019
       Detroit, Michigan

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.